[PHILADELPHIA, MARCH 30, 1832.]

## BURKELOW *against* MAURER et al.

The true construction of a clause in a deed giving to the grantee certain privileges in an alley between the messuage conveyed, and the messuage on the adjoining lot, " so long as the said two messuages stand and remain as they now are, or until the owners of both lots mutually agree to alter the buildings," when certain alterations are to take place in the alley, is not, that the grantee or those claiming under him shall not *repair*, but that he shall not *rebuild*; and an alteration of the messuage of the grantee by the addition of a story and a new roof, without affecting the state of things, previously existing in relation to the alley, is not repugnant to the provisions of the deed.

ERROR to the District Court for the city and county of *Philadelphia*.

This was an ejectment brought by the defendants in error against *Isaac Burkelow* the plaintiff in error, to recover two feet one inch and a half of ground, subject to an easement.

On the trial below, the plaintiffs proved that *Conrad Rohrman*, under whom both parties claimed, formerly owned two adjoining lots situate on the south side of *Green* street, containing together in front forty feet two inches. In 1801 his executors granted the western lot to *Jacob Burkelow*, under whom the defendant held, containing twenty feet one inch in front. At the time of this conveyance there was erected on the lot granted, a frame building, on the lower story of which there was nineteen feet two and a half inches in front. After being carried up with this front to the height of about nine feet, it then widened its front to twenty-two feet, two and a half inches, and projected three feet over an alley. There was also erected on the other lot then belonging to *Rohrman's* estate but since conveyed to *Maurer*, a frame building of sixteen feet nine inches in front. There was too at this time and still is, an alley or way of three feet seven inches in width, running southward from *Green* street, between the said two buildings, and free ingress, egress and regress, into, through, out of and along the said alley, and privilege of the water course therein, in common with the owners and occupiers of the adjoining messuage on the east, were granted to *Jacob Burkelow*, his heirs and assigns, " so long as the said two messuages stand and remain as they now are or until the owners of both lots mutually agree to alter their buildings, when an alley of three feet wide and of at least nine feet high in the clear, by thirty-five feet in depth, shall be left open equally out of and between both adjoining lots for the accommodation of the owners and tenants thereof."

In 1809, *Rohrman's* executors conveyed the eastern lot to *John Maurer* in fee, under whom the plaintiffs below held with the right and privilege of the alley as then left open and used betwen the two messuages, and free ingress, egress, &c. in precisely the same language as is used in the deed to *Jacob Burkelow*.

Witnesses were then called to prove that the defendant had altered

(Burkelow *v.* Maurer.)

his house. The testimony showed that the alteration consisted in taking off the old roof which was leaky and required a new one; putting on a new roof and raising the house somewhat, front and back, whereby the garret was enlarged. There was a double pitch to the old roof, which was altered to a single one. *Maurer* too, it was proved, had altered the pitch of his own roof. No additional floor was laid, no timbers repaired, and the lower part and foundation of the house were not changed or repaired, and the alley remained entirely unaffected by the alteration. The house projected before the alteration exactly as it did afterwards, and the new addition did not project over *Maurer's* ground at all, but receded from the line.

The court charged the jury that the additional raising of the defendants' house and putting a new roof on it, altered the said building although its foundation remained unchanged, and that therefore the two buildings did not now stand and remain as they were at the time of the conveyance to *Burkelow*, and the verdict of the jury must be for the plaintiffs.

The plaintiff in error assigned as error the charge thus given to the jury.

*J. Norris* and *D. P. Brown* for the plaintiff in error.
*Keemle* for the defendants in error.

PER CURIAM. The true construction of the clause on which the question turns, is not that the grantee or those claiming under him, should not *repair* without giving a right to confine him to the bounds ultimately assigned him, but that he should not *rebuild*. To produce that consequence an alteration of the whole house to the foundation would be necessary, and the court therefore erred in supposing it to be produced by the addition of another story and a new roof.

Judgment reversed and a *venire de novo* awarded.